IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH DIFILIPPO, | : | CIVIL ACTION NO. **3:CV-10-0406** |
| Petitioner | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| T. R. SNIEZEK, | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

**I. Procedural Background.**

On February 24, 2010, Petitioner, Joseph DiFilippo, an inmate at FCI-Schuylkill, Minersville, Pennsylvania, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Attached to the Habeas Petition are several exhibits. Petitioner also filed an Affidavit and a lengthy 19-page handwritten Memorandum. (Docs. 2 and 4). Petitioner paid the filing fee. (Doc. 6). Named as Respondent is T. R. Sniezek, Warden at FCI-Schuylkill.[1] Respondent has not yet been served with Petitioner's Habeas Petition.

We give preliminary consideration to the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Hart*

---

[1] Warden Sniezek is the proper Respondent with respect to Petitioner's habeas petition. *See* 28 U.S.C. §§ 2242 and 2243. *See also Jado v. Decker*, 2009 WL 1456595, *1, n. 1 (M.D. Pa.)("The only properly named Respondent in a federal habeas corpus action is the applicant's custodial official.").

*v. Holt*, 2007 WL 626159, *3 (M.D. Pa.).[2] We shall recommend that Petitioner's Habeas Petition be dismissed since this Court lacks jurisdiction over Petitioner DiFilippo's claim that the sentencing court (Middle District of Pennsylvania) incorrectly determined he was a career offender for purposes of sentencing him based on his prior conviction for escape, which the court considered as a crime of violence, and that the sentencing court unlawfully increased his guideline range based on its finding that he was a career offender.[3]

**II. Factual Background**.

On February 23, 2005, Petitioner plead guilty in the United States District Court for the Middle District of Pennsylvania,[4] to distribution and possession with intent to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and §841(b)(1)(A). On May 25, 2005, Petitioner was sentenced on the stated offenses to 120 months imprisonment followed by a 5-year term of supervision. (Doc. 1, pp. 9-10, Doc. 1-2, pp. 7-8).[5] Petitioner's own exhibit (Doc.

---

[2]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

[3]The sentencing judge in Petitioner's criminal case, No. 05-CR-071-01, M.D. Pa., was Judge Munley of the U.S. District Court, M.D. Pa., and Judge Munley has been assigned the instant Habeas Petition. The undersigned has been assigned the present case for purposes of a Report and Recommendation.

[4]Petitioner's detailed factual background of his underlying criminal case is contained in an exhibit attached to his habeas petition which appears to be an excerpt of the Statement of the Case from a brief filed by the government's counsel in opposition to a notice of appeal Petitioner filed, *pro se*, on July 18, 2008. (Doc. 1, pp. 9-10). Petitioner was appealing the sentencing court's denial of his § 2255 motion.

[5]Petitioner's projected release date *via* GCT is September 10, 2013. Doc. 1-2, pp. 7-8).

1, pp. 9-10, 12) indicates the sentencing court determined that Petitioner was a career offender under U.S.S.G. §4B1.1, and that Petitioner's guideline range was 262 to 327 months. Petitioner's exhibit also indicates that the sentencing court granted the government's motion for a downward departure, that Petitioner's sentence "represented a 142-month variance from the bottom of the career offender range,[6]" and that it "was the mandatory minimum sentence required to be imposed under the statute." (*Id*.).

On April 23, 2008, Petitioner filed, *pro se*, a 28 U.S.C. § 2255 motion for modification of his sentence, pursuant to 18 U.S.C. § 3582(c)(2), with the sentencing court. In his § 2255 motion, Petitioner claimed that his sentence should be modified under the retroactive crack cocaine amendments pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. §181.10. (Doc. 1, p. 5 and p. 10). On July 10, 2008, the sentencing court denied Petitioner's § 2255 motion and stated that Petitioner's sentence "was less than the guideline range applicable to [Petitioner] at the time of sentencing as a result of a departure ..., and the reduced sentence [was] comparably less than the amended guideline range." (*Id*., p. 10).

On July 18, 2008, Petitioner filed, *pro se*, a notice of appeal, C.A. No. 08-3798 (3d Cir.), with respect to the sentencing District Court's July 10, 2008 Order denying his § 2255 motion. (*Id*., pp. 2 and 10). On October 14, 2009, the Third Circuit denied Petitioner's appeal.

---

[6]When the 142-month variance is deducted from Petitioner's minimum guideline range of 262 months, his 120-month sentence is arrived at.

Subsequently, on February 24, 2010, Petitioner filed the instant Habeas Petition pursuant to § 2241. (Doc. 1). Petitioner now claims that the sentencing court improperly considered his prior escape conviction as a crime of violence to determine he was a career offender, which caused his sentence guideline range to be increased to 262 to 327 months (instead of 151 to 188 months) and which exposed him to a longer sentence.

### III. Claims of Habeas Petition.

Petitioner DiFilippo claims that the sentencing court (U.S. District Court, Middle District of Pennsylvania) incorrectly determined he was a career offender under U.S.S.G. 4B1.1 for purposes of sentencing him based, in part, on his prior conviction for escape, which the court considered as a crime of violence. Petitioner indicates that the sentencing court's finding that he was a career offender precluded him from obtaining a sentence reduction with respect to his § 2255 motion, under 18 U.S.C. § 3582(c), pursuant to the amended crack cocaine sentencing guidelines. Petitioner also states that § 2255 is not available as a remedy to pursue his present claim based on *Chambers* since his 1-year statute of limitations to file a § 2255 motion expired.

Petitioner also claims that his trial counsel was not effective since he failed to challenge the use of his escape conviction by the district court to sentence him as a career offender and since his counsel failed to raise this issue on direct appeal.

Petitioner claims that the guideline range with respect to his Middle District of Pennsylvania drug sentence was thus improperly increased based on the court's finding he was a career offender, in part, based on his prior escape conviction, and that his sentence was increased without "a valid factual basis" because his escape conviction was not a crime of violence. (Doc. 4, Memo at p. 4).

Petitioner states that as a result of the sentencing court's finding that he was a career offender, he received a longer sentence than he should have and that the court imposed an "unauthorized sentence" on him. (*Id*.).

Petitioner states that while his escape conviction in case #94-CR-809 was not vacated, such a conviction is not a crime of violence under *Chambers v. U.S.*, 124 S. Ct. 687 (2009), and it no longer qualifies him as a career offender, which fact will affect the sentence imposed on him by the Middle District of Pennsylvania District Court. (*Id*. at p. 5). Also, Petitioner states that if his escape conviction is found by the sentencing court not to be a crime of violence, he will be entitled to a sentence reduction under 18 U.S.C. § 3582(c) pursuant to the amended crack cocaine sentencing guidelines. In any event, we find that Petitioner must raise his present claims *via* a § 2255 motion, and that a § 2255 motion is the proper remedy for Petitioner to assert his claim that the sentencing court improperly found he was a career offender based on his prior escape conviction since it was not a crime of violence.

**IV. Discussion.**

As stated, Petitioner now claims that the sentencing court improperly considered his prior escape conviction as a crime of violence to determine he was a career offender which caused his sentence guideline range to be increased to 262 to 327 months (instead of 151 to 188 months) and which exposed him to a longer sentence. The sentencing court's determination that Petitioner was a career offender under U.S.S.G. 4B1.1 also precluded Petitioner from seeking a sentence reduction under 18 U.S.C. § 3582(c) pursuant to the amended crack cocaine sentencing guidelines. "That amendment would authorize [Petitioner] to file a motion pursuant to 18 U.S.C.

5

§ 3582(c) for a reduction of the sentence he is currently serving if he [was not] properly sentenced as a career offender." *U.S. v. Hopkins*, 577 F. 3d 507, 509 (3d Cir. 2009).

Petitioner states that based on a recent Supreme Court case of *Chambers v. U.S.*, 124 S. Ct. 687 (2009), in which the Court found that an escape conviction was not a crime of violence for purposes of sentencing a defendant on a firearm violation, under the Armed Career Criminal Act ("ACCA"), he should not have been sentenced as a career offender with respect to his federal drug conviction. Petitioner also states that his sentence guideline range should have been 151-188 months for a non-career offender, instead of 262 to 327 months. (Doc. 1, p. 4). We find that a § 2255 motion is the proper remedy, and not a § 2241 habeas petition, for Petitioner to raise his claim that, for purposes of his drug sentence, he was improperly found to be a career criminal based on a prior escape conviction in light of on the decision in *Chambers v. United States*, 124 S. Ct. 687 (2009), which held that escape was not always a crime of violence.

Petitioner seems to claim that § 2255 is inadequate or unavailable in light of the fact that his 1-year statute of limitations to file another § 2255 motion has expired. However, Petitioner can nonetheless file a motion to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) with the Third Circuit based on the recently decided Supreme Court case of *Chambers, supra,* and the recently decided Third Circuit case of *Hopkins, supra*.

Specifically, Petitioner claims that he should not have been sentenced as a career offender and that his guideline range should not have been increased to 262 to 327 months, which was reduced by the district court when it deducted a 142-month variance from this career offender range, since the Supreme Court has recently found that escape is not always a crime of violence

6

for purposes of sentencing a Defendant as a career offender. Petitioner concludes that if he was not found to be a career offender, the district court would have made the 142-month variance from a sentencing guideline range of 151 to 188 months, which in turn would have given him a lesser mandatory minium sentence than he received under the career offender range. (Doc. 4, p. 19). Petitioner does not directly state that Section 2255 is inadequate and ineffective to address his claim that his sentence guideline range was improperly increased under the career offender range. Nor does Petitioner claim that he was convicted of drug offenses which are no longer criminal. Also, Petitioner does not claim to be actually innocent of his drug conviction.

The current record and Petitioner's Middle District of Pennsylvania criminal docket sheet indicate that Petitioner appealed the sentencing court's denial of his § 2255 motion to the Third Circuit, and that the Third Circuit denied Petitioner's appeal. Thereafter, despite the Supreme Court's recent case of *Chambers v. U.S.*, 124 S. Ct. 687 (2009), Petitioner did not file a request to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) with the Third Circuit as he should now do, in light of *Chambers and Hopkins*.

In *U.S. v. Hopkins*, 577 F.3d 507, 508 (3d Cir.2009), the Court stated, "[i]n *Chambers v. United States,* --- U.S. ----, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009), the Supreme Court held that the crime of failure to report for incarceration, as distinguished from escape from custody, should not be classified a violent felony for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e)." Even though Petitioner DiFilippo was not sentenced under the ACCA, as was the Defendant in *Chambers*, but was designated as a career offender under U.S.S.G. §4B1.1, the *Chambers* case may still apply to him.

In *Hopkins*, the Court stated:

> In *Chambers,* the Supreme Court analyzed an Illinois statute to determine whether the petitioner, who had been convicted of failing to report to a penal institution as required by his sentence, had committed a "violent felony" under the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e)(2)(B). *Chambers,* 129 S.Ct. at 690. While the Court was not called upon to construe the career offender provision of the Sentencing Guidelines, the definition of a violent felony under the ACCA is sufficiently similar to the definition of a crime of violence under the Sentencing Guidelines FN1 that authority interpreting one is generally applied to the other, as demonstrated by the Supreme Court's remand order in this case. *Hopkins,* --- U.S. ----, 129 S.Ct. 995, 173 L.Ed.2d 285 (2009); *see also United States v. Seay,* 553 F.3d 732, 738 (4th Cir.2009); *United States v. Herrick,* 545 F.3d 53, 58 (1st Cir.2008).

*Id*. at 511(footnote omitted).

The *Hopkins* Court also stated:

> Since Hopkins' sentencing, the crack cocaine sentencing guidelines have been amended. U.S.S.G. §§ 1B1.10(a)(1) and (a)(2)(A) (amended December 11, 2007). That amendment would authorize Hopkins to file a motion pursuant to 18 U.S.C. § 3582(c) for a reduction of the sentence he is currently serving if he has not been properly sentenced as a career offender. If he has been effectively designated a career offender under U.S.S.G. § 4B1.1, however, he may not seek such a reduction. *United States v. Mateo,* 560 F.3d 152, 155-56 (3d Cir.2009).

*Id*. at 509.

The *Hopkins* Court concluded as follows, "that Hopkins' 2001 conviction for violating 18 Pa. Cons.Stat. Ann. § 5121 was not a conviction for a "crime of violence" within the meaning of U.S.S.G. § 4B1.1. at 515. *Id.*

Thus, Petitioner DiFilippo may be entitled to a reduction of the sentence he is currently serving, under 18 U.S.C. § 3582(c), if he was not properly sentenced as a career offender which was based, in part, on his prior conviction for escape. If our Petitioner was properly found to be

8

a career offender under U.S.S.G. §4B1.1, then he cannot seek a reduction of sentence under the amended crack cocaine sentencing guidelines. *Id*. at 509. In fact, in its brief in opposition to Petitioner's appeal of the denial of his § 2255 motion, the government stated:

> the crack cocaine amendments had no impact on the computation of the sentencing guidelines which the court determined were 262 to 327 months **based on DiFilippo's status as a career offender**, and the crack cocaine amendments had no impact on the mandatory minimum sentence of 120 months that the court was required by statute to impose, and did impose, in this case.

(Doc. 1, p. 10)(emphasis added). Thus, with respect to Petitioner's previous § 2255 motion, because Petitioner was found to be a career offender under U.S.S.G. §4B1.1 by the sentencing court, then he was precluded from seeking a reduction of his sentence under the amended crack cocaine sentencing guidelines. However, as discussed, in light of *Chambers* and *Hopkins*, the sentencing court must now determine if Petitioner's prior escape conviction created a serious potential risk of physical injury, and if it did not, Petitioner may be entitled to obtain a sentence reduction under the amended crack cocaine guidelines. However, such a determination should be made *via* a second § 2255 motion after Petitioner files a request with the Third Circuit to file a successive § 2255 motion.

If Petitioner's request to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) is granted by the Third Circuit based on *Chambers* and *Hopkins*, the sentencing court will be able to determine if Petitioner's prior escape conviction "by its nature presents a serious element of risk of injury to another." *Hopkins*, 577 F. 3d at 512. If Petitioner's escape conviction is then found by the sentencing court not to have presented a serious element of risk of injury to another, then the sentencing court's determination that Petitioner was a career offender under

9

U.S.S.G. 4B1.1 may be effected and Petitioner may be entitled to a sentence reduction under 18 U.S.C. §3582(c) pursuant to the amended crack cocaine sentencing guidelines. *Id*. at 509. In any event, we find that Petitioner's recourse is to file a motion to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) with the Third Circuit based on *Chambers and Hopkins*. We find that a §2241 Habeas Petition is not the proper avenue of relief for Petitioner to pursue his instant claims based on *Chambers*. *See Webb v. Martinez*, 2010 WL 128315 (M.D. Pa.).

Section 2255 provides in part that "[an application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." A motion under Section 2255 is "inadequate or ineffective" only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) (*per curiam*) (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See Id.; Cagle v. Ciccone*, 368 F.2d 183, 184 (8th Cir. 1966). The fact that a prior Section 2255 motion filed in the sentencing court was denied is insufficient to show that the Section 2255 remedy is inadequate or ineffective. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied,* 488 U.S. 982 (1988); *Litterio v. Parker*, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is

10

determinative. . ." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986).

Moreover, the United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under Section 2255, a motion under Section 2255 "supersedes habeas corpus and provides the exclusive remedy." *Strollo v. Alldredge*, 409 U.S. 1046 (1972). As noted in *Litterio*, lack of success does not by itself entitle Petitioner to review of his habeas corpus petition. The Third Circuit stated in *Okereke v. U.S.*, 307 F. 3d 117, 120 (3d Cir. 2002), *cert. denied,* 123 S.Ct. 572 (2002), that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." (Citation omitted).

Petitioner clearly can request the court of appeals to certify a successive § 2255 motion, and he can raise his present claim in such a motion. The fact that the sentencing court already denied Petitioner's § 2255 motion does not render the remedy inadequate or ineffective especially since the *Chambers* and *Hopkins* cases were decided after the court denied his first § 2255 motion on July 10, 2008. The Petitioner can file a request to file a successive § 2255 motion with the Third Circuit.

In the case of *Littles v. U.S.*, 142 Fed. Appx. 103 (3d Cir. 2005) (Per Curiam), the inmate filed a § 2241 habeas petition claiming that one of his previous state convictions should not have been used by the sentencing court in determining that he was a career offender under U.S.S.G. § 4 B1.1 since the one state conviction was unconstitutionally obtained. The Third Circuit held that inmate could not pursue his claim *via* § 2241 habeas petition since no showing that § 2255

11

motion was inadequate or ineffective. The Third Circuit vacated the portion of the M.D. Pa. District Court's decision that considered Littles' habeas petition claim on its merits. The Third Circuit concluded that "[b]ecause Littles was proceeding pursuant to § 2241, the District Court was without jurisdiction to consider the merits of his petition." *Id*. at 104.

Based on *Littles*, this Court is clearly without jurisdiction to consider our Petitioner's § 2241 Habeas Petition. We find that Petitioner's recourse is to seek permission from the appeals court to file a second motion under 28 U.S.C. § 2255 with respect to his 2005 sentence. Thus, Petitioner's contention that his sentence of 120 months was impermissibly based on the sentencing court's finding that he was a career criminal should be raised in a § 2255 motion. *See Littles, supra; Hart, supra*. With regard to the Petitioner's sentencing argument, as discussed, we find that this is clearly an issue that is to be raised in a § 2255 petition. The Petitioner must seek his relief *via* that vehicle even though he is required to seek permission from the appeals court to file a second § 2255 motion. *Okereke, supra*.

In this case, even though the Petitioner has already filed a § 2255 motion regarding the sentence for which he is presently incarcerated, he does not demonstrate a personal inability to utilize this remedy. Despite the fact that he did file a previous § 2255 motion as to his sentence, he does not establish the inadequacy or ineffectiveness of the remedy itself. S*ee Berry v. Lamer*, Civil No. 96-1678, *slip op* at 13-14 (M.D. Pa. April 30, 1997) (Kosik, J.) (finding that existence of two orders from circuit court warning petitioner that no other submission shall be filed or entertained in his case, did not render his remedy by way of Section 2255 motion inadequate or ineffective); *Holland v. Harding*, Civil No. 95-0870, *slip op* at 4 (M.D. Pa. Nov. 21, 1995) (McClure,

J.) (holding that entering into a sentencing agreement wherein the right to challenge the conviction or sentence by direct appeal or by Section 2255 motion is waived does not render a Section 2255 motion inadequate or ineffective); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) (denying motion for certification to file a second Section 2255 petition without prejudice to petitioner filing a Section 2241 habeas corpus petition because passage of a subsequent law may negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.").

In *Devore v. U.S.*, 2004 U.S. Dist. LEXIS 26516 (D. Conn. 2004), the court found that the inmate, in his habeas petition under § 2241, did not claim that he was actually innocent of the state offenses underlying his career criminal status. Rather, Petitioner claimed that the District Court could not rely on his state convictions because it did not have certified copies of his prior convictions. The Court found that Petitioner was not raising an actual innocence claim and that his habeas corpus petition should be dismissed for lack of jurisdiction. Specifically, the *Devore* Court held that Petitioner's claim that he was actually innocent of violating § 924(e) being a career criminal, and despite the fact that his prior § 2255 motion was denied, the court found that Petitioner's claim did not fall within § 2241 and that § 2255 was the remedy. Petitioner did not allege that he did not commit the state offenses underlying his career criminal status, but claimed that the government offered insufficient evidence regarding his prior convictions because it failed

13

to produce certified copies of his prior convictions. Here, Petitioner DiFilippo seems to claim that his prior escape conviction did not present a serious risk of injury to another and that it was not a crime of violence which could be used to determine he was a career offender.

In *Hornaday v. Lamanna*, 2000 U.S. App. LEXIS 10785 (6th Cir. 2000), Petitioner filed a § 2241 petition claiming that he was improperly sentenced under the ACCA because his 1966 burglary conviction did not constitute a crime of violence under the U.S.S.G. and because it did not involve a dwelling. The Court found that § 2255 was Petitioner's remedy and that the District Court lacked jurisdiction over the habeas petition.

This Report and Recommendation is being issued in this case for consideration by the District Court. We will recommend that the District Court should summarily dismiss Petitioner's Habeas Petition under Rule 4 since we find that Petitioner 's recourse is to file a motion to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3) with the Third Circuit based on *Chambers and Hopkins*. *See Davis v. Sniezek*, Civil No. 08-1119, M.D. Pa.; *Hart v. Holt*, 2007 WL 626159 (M.D. Pa.)(Court found that Petitioner should raise his instant claim that his sentence should not have been enhanced under the ACCA by filing a motion with the Third Circuit to file a successive § 2255 motion); *Winkelman v. Holt*, 2009 WL 1314864 (M.D. Pa.); *Webb v. Martinez*, 2010 WL 128315 (M.D. Pa.).

Based upon the well-settled case law, Petitioner's Habeas Corpus Petition should be dismissed for lack of jurisdiction without directing service of it on Respondent.

**V. Recommendation.**

Based upon the foregoing, it is respectfully recommended that the Petitioner DiFilippo's Petition for Writ of Habeas Corpus (Doc. 1) be dismissed for lack of jurisdiction.

> **s/ Thomas M. Blewitt**
> **THOMAS M. BLEWITT**
> **United States Magistrate Judge**

**Dated: March15, 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH DIFILIPPO, | : | CIVIL ACTION NO. **3:CV-10-0406** |
| Petitioner | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| T. R. SNIEZEK, | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **March 15, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

              **s/ Thomas M. Blewitt**
              **THOMAS M. BLEWITT**
              **United States Magistrate Judge**

**Dated: March 15, 2010**