# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH DiFILIPPO,** | : | No. 3:10cv406 |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **T.R. SNIEZEK,** | : | |
| **Respondent** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court are petitioner's objections (Doc. 11) to the report and recommendation of Magistrate Judge Thomas M. Blewitt (Doc. 10), which proposes that court dismiss the instant petition for a writ of habeas corpus.

**Background**

This case arises out of plaintiff's February 23, 2005 plea of guilty in the United States District Court for the Middle District of Pennsylvania to a one-count information charging him with distribution and possession with intent to distribute of more than fifty grams of cocaine base. (Petition for Writ of Habeas Corpus (Doc. 1) at 9). After this plea, a pre-sentence report determined that petitioner was a career offender and was eligible for a guideline range of 262 to 327 months imprisonment. (Id.). Petitioner had offered substantial assistance, and the government filed a motion for downward departure to 168 to 210 months. (Id.). This court adopted the pre-sentence report's determination that petitioner's guideline range was 262-237 months, but considered the petitioner's assistance and imposed a sentence of 120

months. (Id. at 9-10). That sentence represented the mandatory minimum required under the statute, given plaintiff's criminal history. (Id. at 10).

Petitioner filed a *pro se* motion for modification of his sentence under the retroactive crack cocaine amendments pursuant to 18 U.S.C. § 3582(c)(2) on April 23, 2008. (Id.). This court denied that motion on July 10, 2008, concluding that the sentence imposed was less than the applicable guideline range and, because of the downward departure, lower than the range as amended. (Id.). Petitioner appealed this ruling. The United States Court of Appeals for the Third Circuit denied petitioner's appeal on July 22, 2009. (See U.S.A. v. DiFilippo, No. 3:05cr71, Doc. 43).

Petitioner filed the instant action pursuant to 28 U.S.C. § 2241 on February 24, 2010. He alleges that an intervening change in the controlling law mandates a reduction in his sentence. The magistrate judge gave the petition an initial screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S. foll. § 2254. Magistrate Judge Blewitt concluded that the court lacked jurisdiction to hear the petition and recommended that the court dismiss the case. The petitioner objected to the report and recommendation and filed a brief in support of those objections, bringing the case to its present posture.

**Jurisdiction**

Plaintiff filed this action pursuant to 28 U.S.C. § 2241. This court therefore has jurisdiction pursuant to 18 U.S.C. § 1331 ("The district courts shall have original

2

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

Under 28 U.S.C. § 1915(d), the court is permitted "to consider whether an *in forma pauperis* complaint is frivolous or malicious before authorizing issuance of the summons and service of the complaint." Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996). The court may "dismiss as frivolous claims based on an indisputably meritless legal theory and whose factual contentions are clearly baseless." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). Courts undertake such an evaluation before service of the complaint.

**Discussion**

Petitioner objects to the magistrate judge's recommendation that his claim be dismissed for want of jurisdiction because it should have been brought under 28 U.S.C. § 2255 rather than 28 U.S.C. § 2241. He contends that no relief is available

3

to him under Section 2255 and thus his remedy exists under Section 2241.[1]

At issue here is the relationship between the two statutes. Section 2241 provides that a court may issue a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2255 provides that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack" can move the court to set aside the sentence. 28 U.S.C. §2255(a). Moreover, Section 2255 is the sole remedy for a prisoner seeking to challenge his sentence in such fashion, "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

As such, "under the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas petition under § 2241 cannot be entertained by the court." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). A motion under Section 2255 "is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255

---

[1] Petitioner also objects to the magistrate judge's conclusion that plaintiff could not make out a claim for ineffective assistance of counsel, insisting that he did not intend to bring such a claim. Since plaintiff agrees he has no ineffective assistance claim, the court will not address the issue.

4

proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Id. Inadequacy comes when "the remedy" is ineffective, not when a petitioner finds himself unable to use that remedy. Id. "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539.

Petitioner's claim here is that he was improperly labeled a career criminal and as a result received a sentence under the sentencing guidelines far longer than he should have. He bases his argument on the decision of the United States Supreme Court in Chambers v. United States, ___ U.S. ___, 129 S.Ct. 687 (2009), and that of the United States Court of Appeals for the Third Circuit in United States v. Hopkins, 577 F.3d 507 (3d Cir. 2009). In Chambers, the Court concluded that failure to report for a prison term was not a "violent felony" within the meaning of the Armed Career Criminal Act, 18 U.S.C. § 924(e), and could not be counted in determining whether a defendant was eligible for a mandatory minimum fifteen-year sentence under the act. 129 S.Ct. at 693. In Hopkins, the court concluded that plaintiff's escape was not a crime of violence because he had not employed "force, threat, deadly weapon or other dangerous instrumentality" and thus should not be factored into sentencing calculations. 577 F.3d at 513. Petitioner contends that the facts of his case are similar Chambers and he likewise should not have been considered a career criminal.

5

The magistrate judge did not reach a conclusion on whether these cases entitle petitioner to a new sentence. Instead, he concluded that any claim petitioner has arising from these cases, which came down after petitioner's sentencing, should have been brought pursuant to Section 2255. Petitioner argues that Section 2255 was inadequate and ineffective for challenging his sentence. Petitioner insists that his sentence was proper at the time of conviction, the law subsequently changed and the new rule is not one based on constitutional law.

The court agrees with the magistrate judge that petitioner has a remedy under Section 2255 and the court therefore lacks jurisdiction to hear his action under Section 2241. Petitioner insists that he has not previously brought an action under Section 2255; if so, he is not required to follow the procedure established for second or successive motions under 28 U.S.C. § 2255(h). Still, even if petitioner has filed a previous motion, he could petition the Third Circuit Court of Appeals for permission to file a successive motion based on the newly issued decisions, and Section 2255 is therefore adequate to petitioner's case. See 28 U.S.C. § 2255(h)(2) ("(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain– . . . (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").

It appears, however, that petitioner has not filed a previous Section 2255 petition. As such, he clearly can bring an action pursuant to that statute, which

6

establishes that "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Because Section 2255 is petitioner's remedy in this instance, the court will adopt the report and recommendation and overrule petitioner's objections.

**Conclusion**

For the reasons stated above, the court will overrule petitioner's objections and adopt the report and recommendation. The petition pursuant to 28 U.S.C. § 2241 will be dismissed for lack and jurisdiction and the case closed. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH DiFILIPPO,        :    No. 3:10cv406
    Petitioner    :
                         :    (Judge Munley)
                         :
      v.    :
                         :
T.R. SNIEZEK,    :
    Respondent    :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 9th day of April 2010, the petitioner's objections (Doc. 11) to the report and recommendation of Magistrate Judge Thomas M. Blewitt (Doc. 10) are hereby **OVERRULED**. The report and recommendation is **ADOPTED**, the petition for a writ of habeas corpus is **DENIED** and the Clerk of Court is directed to **CLOSE** the case.

                                                    BY THE COURT:

                                                    **s/ James M. Munley**
                                                    JUDGE JAMES M. MUNLEY
                                                    UNITED STATES DISTRICT COURT